IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re K R REALTY & INVESTMENT, INC., )<br>)<br>Debtor. )<br>_____ )<br>)<br>ASHMAN LAW OFFICES, LLC., )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>K R REALTY & INVESTMENT, INC., )<br>)<br>Appellee. ) | No. 13 C 1902<br>Appeal from Bankruptcy<br>Case No. 12 B 34659 |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

This bankruptcy appeal stems from an underlying corporate Chapter 7 bankruptcy petition filed by debtor K R Realty & Investment, Inc. ("K R Realty") on August 31, 2012, in the Northern District of Illinois. (*In re K R Realty & Invest., Inc.*, Case No. 12 B 34659 (Bankr. N.D. Ill.) ("Bankruptcy Case").) The underlying Bankruptcy Case was closed three months after it was filed, on November 21, 2012, with no payment to any of K R Realty's creditors, based on the Trustee's reported finding that K R Realty had "no property available for distribution from the estate over and above that exempted by law." (Bankruptcy Case, Dkt. Nos. 8, 9.)

Creditor Ashman Law Offices, LLC ("ALO") sought to reopen the case in January 2013, alleging that K R Realty had fraudulently represented to the bankruptcy court that ALO was an unsecured creditor for $28,514.89, when in reality ALO was a secured creditor with a state court judgment against K R Realty in the amount of $54,485.00 (now $69,000 with interest). (Dkt. No. 4 ("Appellant's Br.") at 1.) At a hearing on January 16, 2013, Bankruptcy Judge Eugene R.

1

Wedoff, a respected and conscientious jurist, denied ALO's "Motion to Reopen the Chapter 7 Case" and ALO's "Motion to Correct Fraudulent Bankruptcy Filing, and Petition for Rule to Show Cause," as discussed in detail below. (*Id.* at 2.)

ALO timely appealed the bankruptcy court's January 16, 2013 ruling to the district court, arguing in its March 26, 2013 appellate brief that the January 16, 2013 ruling should be reversed and remanded consistent with the relief requested by ALO in its underlying motions. (*Id*. at 4.) Pursuant to the Federal Rules of Bankruptcy Procedure, K R Realty then had fourteen days in which to file its response brief in the district court. Fed. R. Bank. P. 8009(a)(2). K R Realty did not file any response at that time. On April 23, 2013, ALO filed its reply brief, noting the lack of a response from K R Realty and asking that the relief requested in ALO's appeal be granted. (Dkt. No. 6.)

Nine days later, on May 2, 2013—twenty-three days after its response was due—K R Realty filed a "Motion for Leave to Supplement the Record and File a Response to Ashman Law Offices, LLC's Appeal." (Dkt. No. 10.) ALO's appeal and K R Realty's pending motion were then reassigned to this court's calendar on May 30, 2013. (Dkt. No. 19.) On June 5, 2013, K R Realty filed a copy of the transcript from the January 16, 2013 hearing in the record, despite the fact that its motion to supplement the record had not yet been addressed by this court. (Dkt. No. 21 ("Tr.").) The parties then appeared for a hearing before this court on June 13, 2013, to address K R Realty's pending motion, which was taken under advisement. (Dkt. No. 22.)

For the reasons set forth below, this court grants in part and denies in part K R Realty's pending motion. The court grants K R Realty retroactive leave to supplement the record with a copy of the transcript from the January 16, 2013 hearing before the bankruptcy court and denies K R Realty's motion for leave to file a response to ALO's appeal. On the merits of ALO's

appeal, this court respectfully reverses the January 16, 2013 denial of ALO's "Motion to Reopen the Chapter 7 Case" and ALO's "Motion to Correct Fraudulent Bankruptcy Filing, and Petition for Rule to Show Cause," remands this case, and requests that there be further proceedings before the bankruptcy court consistent with this opinion.

ANALYSIS

I.  K R Realty's Motion for Leave to File a Response to Ashman Law Offices, LLC's Appeal

In its motion for leave to file a response, K R Realty does not deny that it knew its response brief was due April 9, 2013, and K R Realty concedes that it "did not timely respond to the instant appeal." (Dkt. No. 10 ("KR Mot.") ¶ 11.) K R Realty argues that its failure to file a timely response should be excused, however, because K R Realty was "without counsel" until April 29, 2013, and therefore "was not in a position to respond to this appeal within the allowed time." (*Id.* ¶¶ 13, 14.)

Appellant ALO filed its notice of appeal with the bankruptcy court on January 30, 2013. (*Id.* ¶ 6.) ALO then filed its designation of contents for inclusion in record and statement of issues two weeks later, on February 13, 2013. (*Id.* ¶ 7.) ALO's appeal was filed in the district court on March 12, 2013, and ALO filed its opening brief on March 26, 2013. (*Id.* ¶ 10; *see also* Dkt. No. 1.) Appellee K R Realty's only explanation for why it waited until April 29, 2013 to retain counsel for purposes of defending against this appeal is that "Appellee's counsel is an orthodox Jew and was not working between March 25, 2013 and April 3, 2013 in observance of Passover." (KR Mot. ¶ 12.) Accepting this assertion as true, while recognizing ALO's doubts as to the requirements of the orthodox observance of Passover, (*see* Dkt. No. 12 ("ALO Resp.") ¶¶ 5-6), KR Realty still had eighteen days after the filing of the appeal in the district court—and sixty-nine days after the filing of ALO's initial notice of appeal—in which to retain counsel.

3

K R Realty does not explain when it first contacted counsel in an attempt to engage counsel for purposes of this appeal, or why it took so long to accomplish this task. In fact, K R Realty ultimately hired the same counsel for this appeal that it had previously retained for the underlying bankruptcy petition, and K R Realty's principal, Kevin Young Rhee, engaged the same law firm to file an individual Chapter 7 bankruptcy petition on his behalf during this same time period, on February 19, 2013. (*See In re Kevin Young Rhee*, Case No. 13 B 6284 (Bankr. N.D. Ill.).) Based on the record before the court, it appears that K R Realty made no attempt to timely hire counsel for purposes of representing its interests in this appeal. K R Realty also never sought to obtain an extension of time from ALO or the court for purposes of retaining counsel. "The test as to what constitutes excusable neglect is an equitable one, taking account of all relevant circumstances surrounding the party's omission." *United States v. Cates*, 716 F.3d 445, 448 (7th Cir. 2013) (internal quotations marks and citations omitted). Because K R Realty had ample time and opportunity to retain counsel for purposes of representing its interests in this appeal, but did not do so, this court finds that the equities lie in favor of ALO with respect to this procedural issue. K R Realty's motion for leave to file a response is therefore denied.

II.     K R Realty's Motion for Leave to Supplement the Record

Although the court has already denied K R Realty's motion for leave to file a response, the court separately addresses K R Realty's motion for leave to supplement the record on appeal with a copy of the transcript from the January 16, 2013 hearing. ALO's only objection to this request is that "no such transcript currently exists." (ALO Resp. ¶ 4.) Since the time of ALO's response, however, K R Realty has obtained a copy of the January 16, 2013 transcript and has filed a copy of the transcript with this court. (*See* Dkt. No. 21.) K R Realty should have waited to obtain court approval before filing these materials with the court, but its error is harmless in

this case. This court is required to review the bankruptcy court's January 16, 2013 ruling and reasoning for purposes of addressing the merits of the pending appeal. Because the bankruptcy judge issued no written opinion, a review of the transcript is necessary to effectuate this court's review on appeal. The court therefore retroactively grants K R Realty leave to supplement the record with a copy of the January 16, 2013 transcript, and considers the transcript to be part of the record now before the district court.

III. ALO's Appeal

This district court has jurisdiction to hear ALO's appeal from the bankruptcy court's January 16, 2013 ruling under 28 U.S.C. § 158(a)(1). As a general matter, "[b]ankruptcy judges are given broad discretion to reopen closed bankruptcy cases." *Redmond v. Fifth Third Bank*, 624 F.3d 793, 797 (7th Cir. 2010). This court therefore reviews the bankruptcy court's denial of ALO's motion to reopen for abuse of discretion. *Id.* at 798.

"A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Factors to consider include "(1) the length of time that the case has been closed; (2) whether the [movant] would be entitled to relief if the case were reopened; and (3) the availability of nonbankruptcy courts, such as state courts, to entertain the claims." *Redmond*, 624 F.3d at 798 (citing *In re Antonious*, 373 B.R. 400, 405-06 (Bankr. E.D. Pa. 2007)). A bankruptcy court may also reopen a closed bankruptcy case to correct errors, respond to unanticipated events, or enforce the plan and discharge. *In re Zurn*, 290 F.3d 861, 864 (7th Cir. 2002) (citations omitted). The decision to reopen a bankruptcy case is ultimately based on the court's equitable powers, and bankruptcy courts should avoid overly "technical considerations that will prevent substantial justice." *In re Shondel*, 950 F.2d 1301, 1304 (7th Cir. 1991).

The bankruptcy judge in this case articulated two main reasons for denying ALO's underlying motions. First, the bankruptcy judge noted that there were alternative state court remedies available to ALO in the form of enforcement proceedings to collect on the state court judgment and contempt proceedings based on K R. Realty's alleged violation of state court citations to discover assets. As the bankruptcy judge explained, "your client can accomplish everything that your client wants without being in bankruptcy." (Tr. at 9:14-16.) The second reason the bankruptcy judge gave for denying ALO's motion to reopen the Bankruptcy Case was that reopening the case would be futile. As the bankruptcy judge explained to ALO's counsel, because ALO alleged that its secured claim "completely covers whatever assets are here," even if the Bankruptcy Case were to be reopened, the Trustee would only dismiss the case rather than "running a bankruptcy case for the sole benefit of your individual client." (Tr. at 6:17-25.) In short, the bankruptcy judge explained, because "[t]here's nothing that [could] be accomplished effectively for the benefit of the estate," it would not be appropriate or fruitful to reopen the bankruptcy proceeding. (Tr. at 9:11-12.) The bankruptcy judge also noted that ALO was free to talk to the U.S. Attorney's Office about pursuing charges for criminal contempt at any time. (Tr. at 11:22-12:4.)

ALO argues on appeal that the bankruptcy judge did not appropriately consider ALO's additional "good and sufficient reasons" to reopen the case, unrelated to the discharge of the bankruptcy estate or the distribution of K R Realty's assets, including ALO's request to correct the allegedly fraudulent record before the bankruptcy court and its request "to hold those responsible accountable." (Appellant's Br. ¶¶ 4-5.) The bankruptcy judge briefly addressed ALO's motion to correct the record by noting that "[c]orrecting a statement here on the schedules would accomplish nothing because, as I said, there has already been no discharge

entered." (Tr. at 13:1-4; *see also* Tr. at 8:2-5 ("They're not seeking relief. They don't get any discharge. They are in exactly the same position vis-à-vis your client as they were before they were in Chapter 7.").) The bankruptcy judge also opined that K R Realty's fraudulent actions had caused "no harm" to ALO and stated "the reality here is I can't give you effective relief." (Tr. at 5:9; 11:3-4.) With respect to ALO's petition for rule to show cause, the bankruptcy judge determined that a finding of civil contempt would only be appropriate after K R Realty had been given notice and an opportunity to correct the allegedly false statements in accordance with Federal Rule of Bankruptcy Procedure 9011. (Tr. at 12:12-13:1.) According to the bankruptcy judge, "[t]here's nothing pending in this case as to which civil contempt would be appropriate." (Tr. at 12:12-14.)

With much respect, this court finds that the bankruptcy judge incorrectly stated the law with respect to the procedural rules for civil contempt proceedings in bankruptcy court. Rule 9011(b) prohibits debtors from filing false representations with the bankruptcy court in any "petition, pleading, written motion, or other paper." Fed. R. Bankr. P. 9011(b). In the event of an alleged violation of Rule 9011(b), an aggrieved party can bring a motion for sanctions under Rule 9011(c)(1)(A). "If the conduct alleged is the filing of a petition," the aggrieved party need not first give the debtor an opportunity to correct the false representation before filing its motion for sanctions with the court. Fed. R. Bankr. P. 9011(c)(1)(A). In this case, ALO has alleged that K R Realty filed "a knowingly false petition for bankruptcy" in which K R Realty misrepresented ALO's claim against it. (Appellant's Br. ¶ 1.) Accordingly, ALO's allegations of fraud, as alleged, state adequate grounds for a finding of civil contempt, and the bankruptcy judge's holding to the contrary constituted an abuse of discretion. *See In re Sokolik*, 635 F.3d

261, 269 (7th Cir. 2011) (abuse of discretion "occurs only when a court has acted contrary to the law or reached an unreasonable result").

Because the bankruptcy judge concluded that civil contempt proceedings were not procedurally appropriate in this case, he never reached the question of whether ALO would be entitled to sanctions if the case were to be reopened. This court offers no opinion on the appropriateness of sanctions in this case, if any, or the ultimate question of whether ALO has set forth cause for reopening the Bankruptcy Case under 11 U.S.C. § 350(b). It is clear, however, that the relief sought by ALO with respect to K R Realty's allegedly false representations in the bankruptcy petition lies uniquely within the province of the bankruptcy court, rather than with the state courts.

## CONCLUSION

For the reasons set forth above, this court grants in part and denies in part K R Realty's "Motion for Leave to Supplement the Record and File a Response to Ashman Law Offices, LLC's Appeal." (Dkt. No. 10.) The court grants K R Realty retroactive leave to supplement the record with a copy of the transcript from the January 16, 2013 hearing before the bankruptcy court and denies K R Realty's motion for leave to file a response to ALO's appeal. On the merits of ALO's appeal, this court respectfully reverses the January 16, 2013 denial of ALO's "Motion to Reopen the Chapter 7 Case" and ALO's "Motion to Correct Fraudulent Bankruptcy Filing, and Petition for Rule to Show Cause," remands this case, and requests that there be further proceedings before the bankruptcy court consistent with this opinion.

ENTER:

_____
JAMES F. HOLDERMAN
District Judge, United States District Court

Date: July 16, 2013